IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04cv907-T |
| | ) | WO |
| EDMOND DEAILO OGLETREE | ) | |

**ORDER ON MOTION**

On April 30, 2005, movant Edmond Deailo Ogletree filed a *motion for leave to amend* his 28 U.S.C. § 2255 motion to assert claims that (1) his sentence violates the holding of *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), and (2) his trial and appellate counsel were ineffective for failing to raise a claim that his right to be present at all stages of his trial was violated when jury notes to the trial court were discussed in his absence.[1] (Doc. 11.)

*I. The* Booker *Claim*

Fed.R.Civ.P. 15(a) instructs that leave of the court to amend pleadings "shall be freely given when justice so requires." Nevertheless, a motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of

---

[1]Although the *motion for leave to amend* is date stamped "received" on May 9, 2005, the motion was signed by Ogletree on April 30, 2005. The law is well settled that a *pro se* inmate's motion is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Ogletree's motion] was delivered to prison authorities the day [he] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and without any contradictory evidence, the court assumes that April 30, 2005, should be considered the date of filing for the instant motion.

the amendment." *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations and internal quotation marks omitted).

In *In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005), the court held that *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), is not to be applied retroactively to cases that become final before that case was decided. A review of the record reflects that Ogletree's conviction became final on November 13, 2003,[2] well before *Booker* was decided. Thus, Ogletree's amended claim that his sentence violates the holding of *Booker* is futile as a matter of law.

## II. The Ineffective Assistance of Counsel Claim

Rule 15(c), *Fed.R.Civ.P.*, provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Rule 15(c)(2), *Fed.R.Civ.P.* "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

---

[2] In June 2002, Ogletree was convicted of conspiring to distribute and possess with intent to distribute 50 or more grams of cocaine base. He was sentenced in September 2002. He appealed to the Eleventh Circuit Court of Appeals, which affirmed his conviction and sentence on August 15, 2003. He did not file a petition for writ of certiorari with the United States Supreme Court. Thus, his conviction became final on November 13, 2003. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (when defendant does not file petition for certiorari review with the Supreme Court, conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review).

Because Ogletree's conviction became final on November 13, 2003, he had until November 13, 2004, to file a § 2255 motion that was timely under the one-year period of limitation provided for by 28 U.S.C. § 2255. He filed his § 2255 motion on September 23, 2004. Accordingly the claims in his original § 2255 motion were timely raised. The instant *motion for leave to amend*, however, was filed on April 30, 2005 – over five months after § 2255's one-year deadline. Thus, Ogletree's new claim of ineffective assistance of counsel is untimely under the one-year period of limitation and is barred unless it "relates back" under Rule 15(c), *Fed.R.Civ.P.*

A review of Ogletree's original § 2255 motion indicates that although his original motion contains several allegations of ineffective assistance of counsel, his newly asserted claim of ineffective assistance – i.e., that his trial and appellate counsel were ineffective for failing to raise a claim that his right to be present at all stages of his trial was violated when jury notes to the trial court were discussed in his absence – clearly does not arise from the same set of facts as the claims of ineffective assistance contained in his original motion, but arises instead from separate conduct and occurrences in both time and type. Thus, Ogletree's new claim of ineffective assistance of counsel does not "relate back" under Rule 15(c), *Fed.R.Civ.P.*, and is barred because it is untimely under § 2255's one-year period of limitation. *See Davenport, supra*, 217 F.3d at 1346 (new ineffective assistance of counsel claims raised in movant's amended § 2255 motion and arising from conduct and occurrences separate from that implicated in ineffective assistance claims contained in movant's original

3

§ 2255 motion held not to relate back under Rule 15(c), *Fed.R.Civ.P.*). *See also Farris v. United States*, 333 F.3d 1211, 1215-16 (11th Cir. 2003)*; Pruitt v. United States,* 274 F.3d 1315, 1319 (11th Cir. 2001).

Accordingly, for the foregoing reasons, it is

ORDERED that the *motion for leave to amend* (Doc. 11) be and is hereby DENIED.

Done this 11th day of May, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE