IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                  ) | CIVIL ACTION NO. 3:04cv907-TMH |
| ) | (WO) |
| EDMOND DEAILO OGLETREE     ) | |

**ORDER**

Before the court is the recommendation of the magistrate judge, filed September 5, 2006.  (Doc. No. 14.)  Defendant Edmond Deailo Ogletree filed objections to the recommendation on September 21, 2006.  (Doc. No. 15.)  The court independently has reviewed the file in this case and has conducted a *de novo* review of Ogletree's objections pursuant to 28 U.S.C. § 636(b)(1)(C).  The court finds that the objections lack merit for substantially the same reasons set forth in the magistrate judge's recommendation and that, with one exception below, the objections do not warrant further discussion.  Accordingly, the court finds that the recommendation is due to be adopted and this case dismissed.

Regarding his second claim for relief, Ogletree relies on U.S. v. Ratcliff, 245 F.3d 1246 (11th Cir. 2001), and U.S. v. Derose, 74 F.3d 1177 (11th Cir. 1996), in support of his argument that the magistrate judge erred in finding that Ogletree's trial counsel was not ineffective for failing to seek dismissal of the superseding indictment on the ground that it was issued more than 30 days after Ogletree's arrest in violation of 18 U.S.C. § 3161(b).  Given Ogletree's heavy reliance on Ratliff and Derose, the court finds that it is appropriate to explain why these two opinions are inapposite to Ogletree's claim for relief.

In making her recommendation to this court, the magistrate judge relied on <u>U.S. v. Mosquera</u>, 95 F.3d 1012 (11th Cir. 1996) (per curiam).  In <u>Mosquera</u>, the government obtained a superseding indictment against the defendant which added new charges to those contained in the original indictment.  <u>See</u> <u>id.</u> at 1013.  Urging dismissal of the superseding indictment, the defendant in <u>Mosquera</u> argued, just like Ogletree argues in this case, that "the superseding indictment was issued more than 30 days after his original indictment and arrest in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b)[.]"  <u>Id.</u>  The Eleventh Circuit rejected the defendant's argument, holding that "[a] superseding indictment that issues more than 30 days after the arrest, but before the original indictment is dismissed, does not violate § 3161(b)."  <u>Id.</u> at 1013.  Here, as in <u>Mosquera</u>, Ogletree's arrest and the issuance of the original indictment timely occurred within a 30-day period, and the government obtained the superseding indictment during the pendency of the original indictment.

Ogletree, though, relies on <u>Ratcliff</u>, *supra*, as support for his argument that, contrary to the magistrate judge's finding, the superseding indictment materially broadened the scope of the conspiracy charged in the original indictment and, therefore, is untimely.  The <u>Ratliff</u> court, however, was confronted with an argument by a defendant that the criminal statute of limitations had expired, not an assertion of a Speedy Trial Act violation.  In <u>Ratliff</u>, the issue was whether a conspiracy count in the superseding indictment, which undisputably was brought outside the applicable five-year statute of limitations, could be deemed timely under relation-back principles where it extended the timeframe of the original conspiracy by more

2

than a decade and added more than eight new drug "smuggling ventures" with multiple new co-conspirators.  See id. at 1253-54.  The Eleventh Circuit held that "[a] superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges."  Id. at 1253 (quoting U.S. v. Italiano, 894 F.2d 1280, 1282 (11th Cir. 1990)).  The Eleventh Circuit "readily conclude[d]" that the superseding indictment "materially broadened or substantially amended" the conspiracy charges in the original indictment and, thus, was untimely on statute of limitations grounds.  Id. at 1253.

As even Ogletree concedes, there is no statute of limitations problem in this case.  The court, therefore, finds that the holding in Ratliff is immaterial to the 18 U.S.C. § 3161(b) timeliness issue presented in this case.  In other words, assuming *arguendo* that the superseding indictment in Ogletree's case materially broadened the conspiracy charge in the original indictment, as Ogletree alleges, Ratliff does not provide him any relief because Ratliff's holding is confined to those scenarios where the superseding indictment is alleged to be untimely on statute of limitations grounds.  Where, as here, there is no allegation that the new or broadened charge is barred by the statute of limitations, Mosquera, *supra*, permits the government to bring a new charge in a superseding indictment, which is filed more than 30 days after the arrest, provided that the initial indictment has not been dismissed and was filed within the 30-day period prescribed by 18 U.S.C. § 3161(b).  See 95 F.3d at 1013.

3

Ogletree also relies on Derose, *supra*, in arguing that the magistrate judge's finding is erroneous. Derose, however, lends no support to Ogletree's argument that a superseding indictment, which charges a violation of the same statute as charged in the original indictment, is subject to dismissal if obtained more than 30 days after the arrest. At issue in Derose was whether the original (and only) indictment should have been dismissed because it was filed more than 30 days after the defendants' arrests and also more than 30 days after the issuance of the criminal complaint. There, the defendants were arrested and charged in a criminal complaint with conspiring to buy marijuana. See id. at 1180. In violation of 18 U.S.C. § 3161(b)'s mandate that an indictment be returned within 30 days of an arrest, the government did not obtain an indictment until almost two years later. See id. The indictment contained a conspiracy charge identical to the one in the complaint and included an additional substantive offense for possession with intent to distribute marijuana. See id.

The district court dismissed with prejudice the conspiracy charge, which was contained in both the indictment and criminal complaint, on the ground that the indictment was untimely obtained in violation of the 30-day rule in 18 U.S.C. § 3161, but the district court let the substantive charge stand. See id. at 1181. On appeal, the defendants did not challenge the district court's dismissal of the conspiracy charge; however, they argued that the substantive charge of possession with intent to distribute also should have been dismissed. See id. The Eleventh Circuit disagreed. It held that because the criminal complaint did not contain the substantive charge, which it concluded was separate and

4

distinct from the conspiracy charge, the government could prosecute the defendants on that charge, as set forth in the indictment.  See id. at 1182-83.

As the foregoing demonstrates, Derose did not involve the timeliness of a superseding indictment filed during the pendency of an original indictment, as here.  In Derose, the facts were undisputed that *no* indictment was filed within 18 U.S.C. § 3161's 30-day period, as opposed to here, where there is no dispute that the original indictment against Ogletree was filed within 30 days of Ogletree's arrest.  Because the timely-filed original indictment had not been dismissed when the superseding indictment was obtained against Ogletree, the court finds that the magistrate judge correctly relied on Mosquera, *supra*, as the controlling authority.  The court finds, as the magistrate judge recommends, that Mosquera forecloses Ogletree's claim that the government violated 18 U.S.C. § 3161(b) and that, therefore, his counsel was ineffective for failing to seek dismissal of the superseding indictment on that ground.

Accordingly, it is CONSIDERED and ORDERED as follows:

(1)  Defendant Edmond Deailo Ogletree's Objections, filed September 21, 2006 (Doc. No. 15), are hereby OVERRULED;

(2) the recommendation of the magistrate judge is hereby adopted; and

(3) the 28 U.S.C. § 2255 motion filed by Defendant Edmond Deailo Ogletree is hereby DENIED as the claims therein entitle him to no relief.

DONE this 3rd day of October, 2006.

/s/ Truman M. Hobbs
SENIOR UNITED STATES DISTRICT JUDGE